Filed 4/30/21  P. v. Jackline CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C090681 |
| Plaintiff and Respondent, | (Super. Ct. No. 18FE022459) |
| v. | |
| DUDLEY WESLEY JACKLINE, | |
| Defendant and Appellant. | |

Appointed counsel for defendant Dudley Wesley Jackline has asked this court to review the record to determine whether there exist any arguable issues on appeal. (*People v. Wende* (1979) 25 Cal.3d 436.)  Finding no arguable errors favorable to defendant, we will affirm the judgment.

We provide the following brief description of the facts and procedural history of the case.  (See *People v. Kelly* (2006) 40 Cal.4th 106, 110, 124.)

The People's June 25, 2019, complaint, later deemed the information, charged defendant with felony elder abuse under circumstances likely to cause great bodily injury

1

or death (Pen. Code, § 368, subd. (b)(1);[1] count one) and assault by means of force likely to cause great bodily injury (§ 245, subd. (a)(4); count two). It further alleged that defendant had suffered a prior strike (§§ 667, subds. (b)-(i); 1170.12). Following a preliminary hearing, defendant was held to answer, and his motion to reduce the charges to misdemeanors was denied.

At defendant's jury trial, the People presented the testimony of 70-year-old victim, T.N., that he was sitting, drinking coffee, and smoking a cigarette on his private patio. Defendant walked up the stairs, entering victim's patio, and said something the victim did not understand. Almost immediately thereafter, defendant started hitting him in the head and chest. Defendant shoved the victim, who fell and cut his hand on a glass table which broke in the confrontation. Defendant put his hands around the victim's neck and applied pressure. The victim's wife and neighbor came to help, and defendant stopped. The victim had seen defendant before and said hello to him, but did not otherwise know him. The victim's cut was treated with bandages at the hospital.

The jury convicted defendant of assault likely to cause great bodily injury, but found him not guilty of felony elder abuse and its lesser included offense. The trial court denied defendant's oral motions for a new trial, for a judgment notwithstanding the verdict, and to reduce defendant's conviction to a misdemeanor. Following a bifurcated trial, the jury determined the prior strike allegation was true.

On October 4, 2019, the court sentenced defendant to two years in prison, doubled to four for the prior strike, plus a stipulated sentence of eight months consecutive for failing to reregister annually in violation of section 290.018 for case No. 18FE022955. The court awarded 317 days actual credit plus 316 days conduct credit for a total of 633 days custody credit. Finally, the court stayed imposition of various fines pursuant to

---

[1] Subsequent undesignated statutory references are to the Penal Code.

*People v. Dueñas* (2019) 30 Cal.App.5th 1157 and elected not to impose any discretionary fees.  The court retained jurisdiction to determine victim restitution and ordered defendant have no contact with the victim.

Defendant timely appealed.

Counsel filed an opening brief that sets forth the facts of the case and requests that we review the record and determine whether there are any arguable issues on appeal. (*People v. Wende, supra*, 25 Cal.3d 436.)  Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing of the opening brief, but to date has not done so.

Having undertaken an examination of the entire record pursuant to *Wende*, we find no errors favorable to defendant.

## DISPOSITION

The judgment is affirmed.


/s/
HOCH, J.


We concur:


/s/
ROBIE, Acting P. J.


/s/
RENNER, J.

3